UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SCOTT JOHNSON,

          Plaintiff,

    v.

ACE BRUNK,

          Defendant.

No. 2:14-cv-01277-MCE-EFB

**MEMORANDUM AND ORDER**

This lawsuit was brought by Plaintiff Scott Johnson ("Plaintiff") under the provisions of both the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. ("ADA"), and California's Unruh Civil Rights and Disabled Persons Acts (Cal. Civ. Code §§ 51-53, 54-54.8)[1] on grounds that Defendant Ace Brunk ("Brunk") failed to provide a compliant accessible parking space at an automobile body shop located in Manteca, California. In addition, Plaintiff claims that Brunk failed to provide an accessible path of travel to its business entrance from the parking lot.

Presently before the Court is Plaintiff's Motion for Partial Summary Judgment as to Plaintiff's claim under the Unruh Civil Rights Act, to the extent Plaintiff seeks

///

---

[1] Plaintiff also alleges a state common law claim for negligence in his Fourth Cause of Action.

1

entitlement to statutory damages under that Act in the amount of $4,000.00. As set forth below, Plaintiff's Motion is GRANTED.[2]

**BACKGROUND**

Plaintiff is a quadriplegic who cannot walk, uses a wheelchair, and has significant manual dexterity impairments. Stmt. of Undisputed Facts, ECF No. 28-2, ¶¶ 1–2. He drives a specially equipped van with a lift that deploys from the passenger side of the van to accommodate his wheelchair. Id. at ¶ 2. On February 12, 2014, Plaintiff claims he visited Ace's Custom Auto Shop ("the Shop"), located at 2062 W. Yosemite Ave., in Manteca California, for purposes of obtaining an estimate for repairs needed for his vehicle. Id. at ¶¶ 3, 5. According to Plaintiff, as of February 2014, the real property on which the Shop was situated was owned by Defendant Brunk. Id. at ¶ 3.

Plaintiff alleges that despite advertising the availability of customer parking, the Shop failed to provide a single handicapped accessible parking spot for its patrons. Id. at ¶ 6. Given his impairments, Plaintiff needs accessible parking with an eight-foot access aisle and accompanying safety lettering in order to safely deploy his lift and exit the van. Id. at ¶ 7. In the absence of a space meeting these requirements, Plaintiff claimed he had to park in a non-accessible spot and leave the ramp to his vehicle deployed so that he would be able to get back into the vehicle upon his return.

In addition to the lack of an accessible parking spot, Plaintiff claims he also had trouble navigating his wheelchair into the Shop's business office because of the presence of an unramped lip along the path of travel that proved difficult to traverse in a wheelchair. Id. at ¶¶ 12-13. Finally, Plaintiff alleges that the Shop's office door hardware had a round knob which required tight grasping and twisting of the wrist to

///

---

[2] Having determined that oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs in accordance with E.D. Local Rule 230(g).

operate, something that Plaintiff's manual dexterity impairments make problematic. Id. at ¶¶ 14-15.

According to Plaintiff, he returned to the Shop on three additional occasions (February 17, 19, and 26, 2014) and was deterred on each occasion from entering the Shop's business office because of the above-described access barriers. Id. at ¶ 17.

In now moving for partial summary judgment, Plaintiff submits evidence demonstrating just how the barriers he encountered were legally inadequate under the ADA and how he is consequently entitled to statutory damages under California's Unruh Civil Rights Act, which provides for a statutory penalty of $4,000.00 for each ADA violation under Cal. Civ. Code § 55.56(a). Although Plaintiff visited the Shop on a total of four different occasions, and claims he was subjected to access barriers on each of those occasions, he requests statutory damages of $4,000,00 for only one visit.

## STANDARD

The Federal Rules of Civil Procedure provide for summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. Celotex, 477 U.S. at 325.

Rule 56 also allows a court to grant summary judgment on part of a claim or defense, known as partial summary judgment. See Fed. R. Civ. P. 56(a) ("A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought."); see also Allstate Ins. Co. v. Madan, 889 F. Supp. 374, 378-79 (C.D. Cal. 1995). The standard that applies to a motion for partial summary judgment is the same as that which applies to a motion for summary judgment. See Fed. R. Civ. P. 56(a); State of Cal. ex rel. Cal. Dep't of Toxic

///

1  Substances Control v. Campbell, 138 F.3d 772, 780 (9th Cir. 1998) (applying summary
2  judgment standard to motion for summary adjudication).
3        In a summary judgment motion, the moving party always bears the initial
4  responsibility of informing the court of the basis for the motion and identifying the
5  portions in the record "which it believes demonstrate the absence of a genuine issue of
6  material fact." Celotex, 477 U.S. at 323. If the moving party meets its initial
7  responsibility, the burden then shifts to the opposing party to establish that a genuine
8  issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith
9  Radio Corp., 475 U.S. 574, 586-87 (1986); First Nat'l Bank v. Cities Serv. Co., 391 U.S.
10 253, 288-89 (1968).

## ANALYSIS

To prevail on a claim under Title III of the ADA, "a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc., 603 F.3d 666, 670 (9th Cir. 2010). "The third element . . . is met if there was a violation of applicable accessibility standards." Moeller v. Taco Bell Corp., 816 F. Supp. 2d 831, 847 (N.D. Cal. 2011) (citing Chapman v. Pier 1 Imports (U.S.), Inc., 631 F.3d 939, 945 (9th Cir. 2011); Donald v. Cafe Royale, 218 Cal. App. 3d 168, 183 (1990)).

Plaintiff moves for partial summary judgment as to his claim under the Unruh Civil Rights Act, which incorporates the provisions of the ADA by providing, in pertinent part, that: "[a] violation of the right of any individual under the federal Americans with Disabilities Act of 1990 shall also constitute a violation of [the Unruh Civil Rights Act]." Cal. Civ. Code § 51(f). California Civil Code § 52(a) sets a minimum of $4,000 in damages for a violation of the Unruh Civil Rights Act.

1    The ADA defines a person as disabled if, among other things, he has "a
2    physical . . . impairment that substantially limits one or more major life activities."
3    42 U.S.C. § 12102(1)(A). The ADA lists "walking" as an example of a major life activity.
4    Id. § 12102(2)(A). Thus, because Plaintiff is a quadriplegic, he is considered disabled
5    within the meaning of the ADA. In addition, Brunk owns the Shop in question, which as
6    a service establishment is deemed a place of public accommodation under the ADA.
7    See id. § 12181(7)(F). Finally, to the extent it fails the requirements set forth in the ADA
8    Accessibility Guidelines for Buildings and Facilities ("ADAAG"), Brunk's Shop contains
9    barriers to access. See Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 945
10   (9th Cir. 2011) ("Any element in a facility that does not meet or exceed the requirements
11   set forth in the ADAAG is a barrier to access.").

12   Brunk essentially agrees that barriers existed here, conceding that there is "little
13   dispute" that its property "was not fully ADA compliant" when Plaintiff first visited the
14   Shop. Def.'s Opp., 2:7-9. Accordingly, Plaintiff has shown he is entitled to judgment for
15   his claims under the Unruh Civil Rights Act by way of the ADA. Significantly, too,
16   Brunk's Opposition appears to admit that Plaintiff is entitled to the $4,000.00 in statutory
17   damages attendant to a single visit.[3]

18   Despite Plaintiff's initial visit to the Shop on February 12, 2014, and his three
19   subsequent visits to follow up on a repair estimate, and despite the fact that Plaintiff
20   claims he encountered access barriers on each of those four visits, Plaintiff's Motion
21   unequivocally seeks only a "single statutory penalty of $4,000.00." Pl.'s Opening Mem.,
22   1:10-11; 10:2; 10:24-25.[4]
23   ////

---

[3] Defendant's Opposition instead appears to focus on the availability of injunctive relief against Brunk on grounds that Brunk allegedly has sold the property and consequently now lacks the possessory and or ownership interest sufficient to take measures to remediate the access issues in question. Because Plaintiff's Motion herein is limited to his entitlement to statutory damages, the propriety of any potential injunctive relief is not before the Court at this time.

[4] Although Plaintiff's Reply appears to seek an award of $8,000.00 (Reply, 1:12-14, 18) that request is not consistent with the relief sought in the Motion itself and therefore will be disregarded.

**CONCLUSION**

For the reasons set forth above, Plaintiff's Motion for Partial Summary Judgment (ECF No. 28) is GRANTED. Plaintiff is entitled to a statutory penalty in the sum of $4,000.00 for the access barriers he encountered at Defendant Brunk's facility.

IT IS SO ORDERED.

Dated: May 15, 2018

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE