UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| SCOTT JOHNSON, | No.  2:14-cv-01277-MCE-EFB |
|---|---|
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| ACE BRUNK; and Does 1-10; | |
| Defendants. | |

Through this suit, Plaintiff Scott Johnson sought damages and injunctive relief against Defendant Ace Brunk ("Defendant") for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12213, as well as California's Unruh Civil Rights Act, Cal. Civ. Code § 51 ("Unruh Act"), and Disabled Persons Act, Cal. Civ. Code § 54 – 54.8 ("Disabled Persons Act").  Finally, Plaintiff asserts a common law claim for negligence.  All these claims stem from allegations that Plaintiff encountered various physical barriers, including failures to provide accessible parking, path of travel and entrance door ingress, when attempting to access Defendant's automobile body shop in Manteca, California.

On May 16, 2018, the Court granted Plaintiff's motion for partial summary judgment, awarding $4,000 in statutory damages on Plaintiff's Unruh Act claim.  ECF No. 33.  Thereafter, by Notice filed March 15, 2019, Plaintiff notified the Court that he

1  was abandoning all remaining claims, including his causes of action for injunctive relief

2  under the ADA, as well as his claims under the Disabled Persons Act and for negligence.

3  ECF No. 40.

4      Plaintiff now moves for attorney's fees, ECF No. 31, and that motion is

5  GRANTED in part.  Plaintiff is entitled to $14,367.50 in attorney's fees and $1,688.00 in

6  litigation expenses.[1]

7  **STANDARD**

8

9      The Unruh Act permits the prevailing party in disability access litigation to recover

10  reasonable attorney's fees and costs, stating that violations of its provisions entitle a

11  plaintiff to "any attorney's fees that may be determined by the court."  Cal. Civ. Code

12  § 52.

13      "A reasonable fee is that which is 'sufficient to induce a capable attorney to

14  undertake the representation of a meritorious civil rights case.'"  K.M. ex rel. Bright v.

15  Tustin Unified Sch. Dist., 78 F. Supp. 3d 1289, 1297 (C.D. Cal. 2015) (quoting Perdue v.

16  Kenny A. ex rel. Winn, 559 U.S. 542, 552 (2010)).  The court calculates the amount of

17  attorney's fees by calculating a "lodestar" and "multiplying the number of hours

18  reasonably spent on the litigation by a reasonable hourly rate."  McCown v. City of

19  Fontana Fire Dep't, 565 F.3d 1097, 1102 (9th Cir. 2009).  The appropriate number of

20  hours includes all time "reasonably expended in pursuit of the ultimate result achieved in

21  the same manner that an attorney traditionally is compensated by a fee-paying client for

22  all time reasonably expended on a matter."  Hensley, 461 U.S. at 431.  However, in

23  calculating the lodestar, "the district court should exclude hours 'that are excessive,

24  redundant, or otherwise unnecessary.'"  McCown, 565 F.3d at 1102 (quoting Hensley,

25  461 U.S. at 434).  Although district judges "need not, and should not, become green-

26  eyeshade accountants," Fox v. Vice, 563 U.S. 826, 838 (2011), the court should provide

27      [1] Because oral argument would not have been of material assistance, this matter has been submitted on the briefs.  E.D. Cal. L.R. 230(g).

28

some indication of how it arrived at its conclusions, see Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008) ("When the district court makes its award, it must explain how it came up with the amount.").

As a general rule, in determining the lodestar figure, "the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." Moreno, 534 F.3d at 1112. However, the party seeking an award of attorney's fees bears the burden of producing documentary evidence demonstrating "the number of hours spent, and how it determined the hourly rate(s) requested." McCown, 565 F.3d at 1102. Then the burden shifts to the opposing party to submit evidence "challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." Ruff v. County of Kings, 700 F. Supp. 2d 1225, 1228 (E.D. Cal. 2010).

Because the lodestar figure is presumptively reasonable, "a multiplier may be used to adjust the lodestar amount upward or downward only in rare and exceptional cases, supported by both specific evidence on the record and detailed findings by the lower courts that the lodestar amount is unreasonably low or unreasonably high." Van Gerwen v. Guarantee Mut. Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000) (citations omitted).

**ANALYSIS**

Plaintiff seeks $18,443.00 in attorney's fees and costs. Other than generally alleging a difficulty in attacking Plaintiff's billings without access to the actual work files, the only specific objection Defendant poses to the requested fees is that attorney Mark Potter's fees "could have been easily handled by less senior attorneys" and should accordingly "be totally disregarded." Def.'s Opp., ECF No. 47, 2:13-15. Additionally, given that alleged shortcoming, Defendant asks that the time expended by the other six attorneys who worked on this case "be looked at with suspicion" and at the very least

1  "reduced to the hourly rate generally accepted for these types of cases in this District."

2  Id. at 2:15-19.  Plaintiff otherwise fails to mount any concrete challenge to billed tasks for

3  which reimbursement is sought.  Aside from agreeing that the hourly rate sought by

4  some of Plaintiff's attorneys is excessive, the Court finds Defendant's other arguments to

5  be unavailing.

6  **A.    Reasonable Hours**

7  As indicated above, Defendant contends that tasks handled by Mark Potter were

8  excessive since they could have been handled by junior attorneys billing at a lower rate.

9  Plaintiff also asks the Court to look askance at the remaining charges made by other

10  attorneys in the office representing Plaintiff, apparently on grounds that Potter's practices

11  evince an overall tendency to overbill by the firm.

12  Defendant's argument is unpersuasive.  "A district court may not set the fee

13  based on speculation as to how other firms would have staffed the case."  Moreno,

14  534 F.3d at 1114.  Since this is the only argument advanced as to the reasonableness of

15  the time spent in litigating this matter, Defendant's challenge on that basis is rejected.

16  **B.    Reasonable rates**

17  The Court, though, agrees with Defendant that the hourly rate sought by Potter —

18  $350—is excessive.  In a similar case in March 2016, involving the same plaintiff and law

19  firm, for example, this Court found Potter's $350 hourly rate unreasonable.  Johnson v.

20  Kamboj LLC, No. 2:14-cv-00561-MCE-AC, 2016 WL 1043719, at *3 (E.D. Cal. Mar. 16,

21  2016).  Instead, the Court found $300 per hour to be reasonable and granted attorney's

22  fees on that basis.  Id.  The Court here finds that a reasonable rate for Potter is $325 per

23  hour as the prior award of $300 was determined three years ago and was based on a

24  survey of cases collected nearly four years ago.  See id. (citing Johnson v. San,

25  No. 2:15-cv-162-JAM-EFB, 2015 WL 7188245, at *5 (E.D. Cal. Nov. 16, 2015)).

26  Given the fact that time billed by Phyl Grace, a lawyer who has practiced for some

27  22 years with the last decade exclusively focused on disability access litigation, was

28  calculated at a $300 hourly rate, the Court finds that rate to be reasonable.  Additionally,

4

1 | since Mary Melton has been licensed to practice law for 24 years, the Court believes that

2 | a $300 rate is justified for her services as well.

3 |      Rates charged by less experienced associates, however, are excessive.  Plaintiff

4 | seeks $250 per hour for six associates with between about six and eight years of

5 | experience:  Isabel Masanque, Dennis Price, Chris Seabock, Teresa Allen, Amanda

6 | Seabock and Sara Gunderson.  See Decl. of Mark Potter, ECF No. 45-3, ¶¶ 10–15.  In

7 | Kamboj, this Court found rates of $150 for these attorneys reasonable, since "[c]ourts in

8 | the Eastern District of California have regularly approved hourly rates of . . . $150–175

9 | for associates" and their experience made rates "at the lower end for associates"

10 | appropriate.  2016 WL 1043719, at *3 (alterations in original) (first quoting Estrada v.

11 | iYogi, Inc., No. 2:13-cv-01989-WBS-CKD, 2016 WL 310279, at *6 (E.D. Cal. Jan. 26,

12 | 2016); then quoting Johnson v. Wayside Prop. Inc., No. 2:13-1610 WBS AC, 2014 WK

13 | 6634324, at *8 (E.D. Cal. Nov. 21, 2014)).  For similar reasons, the Court finds hourly

14 | rates of $175 reasonable for these attorneys in this case.

15 |      Pursuant to the Court's above modifications, the appropriate lodestar award in

16 | this case is $14,367.50:

17 |      Potter:  21.7 x $325  = $7,595.00

18 |      Grace:  4.1 x $300  =  $1,230.00

19 |      Melton:  .1 x $300  =  $30.00

20 |      Masanque:  11.5 x $175  = $2,012.50

21 |      Price:  1.8 x $175  =  $315.00

22 |      C. Seabock:  .4 x $175  =  $70.00

23 |      Allen:  7.6 x $175  =  $1,330.00

24 |      A.  Seabock:  1.7 x $175  =  $297.50

25 |      Gunderson:  8.5 x $175 =  $1,487.50.

26 |      Given the "strong presumption . . . that the lodestar figure represents a

27 | reasonable fee," Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1119 n.4 (9th Cir. 2000)

28 | ///

(citation omitted), and since neither Plaintiff nor Defendant seeks a multiplier or reduction to the lodestar, no further adjustment to the lodestar is warranted.

**C. Litigation expenses**

Plaintiff also seeks $1,688.00 in litigation expenses. Defendant has offered no opposition to the recoupment of those expenses. Plaintiff's requested litigation expenses are reasonable and awarded in full.

**CONCLUSION**

For the reasons provided above, Plaintiff's Motion for Attorney's Fees, ECF No. 45, is GRANTED in part. Defendant shall pay Plaintiff $14,367.50 in attorney's fees and $1,688.00 in litigation expenses for a total of $16,055.50. The Clerk of Court is directed to enter judgment for both the previously awarded $4,000.00 in statutory damages (as previously adjudged on May 16, 2018 as to Plaintiff's Unruh Act claim) as well as the aforementioned fees and expenses of $16,055.50, for a total judgment of $20,055.50.

IT IS SO ORDERED.

Dated: August 9, 2019

MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE